LOUISE DeANGELIS, PLAINTIFF-RESPONDENT, v. JOHN DeANGELIS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 28, 1972—Decided January 5, 1973.

Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.

*Messrs. Spritzer & Spritzer,* attorneys for appellant (*Mr. Henry M. Spritzer,* on the brief).

*Messrs. Selesky, Kolsky, Kravarik & Epstein,* attorneys for respondent (*Mr. Martin E. Kravarik,* on the brief).

PER CURIAM. Plaintiff Louise DeAngelis was granted a divorce from bed and board on May 21, 1959 on the ground of adultery. A property settlement agreement was entered into between the parties at the time judgment was entered. On September 14, 1971 defendant filed a notice of motion in the original cause seeking to convert the limited divorce judgment to one of absolute divorce under *N. J. S. A.* 2A:34–3.

In the interval between May 1959 and September 1971 defendant had obtained a Mexican divorce and remarried, and Louise had secured a judgment in New Jersey which found that the Mexican divorce was void.

When the motion to convert was made, plaintiff responded with a cross-motion seeking alimony and maintenance, and equitable distribution of property and counsel fees and costs. The record does not disclose that plaintiff opposed the application for conversion below.

The trial judge, after hearing argument, denied both motions, indicating that he was acting on procedural grounds and that a new action was necessary for the relief here sought by motion. We affirm.

If defendant John DeAngelis desires to convert the judgment for present limited divorce entered against him into one of absolute divorce under *N. J. S. A.* 2A:34–3, he

must institute a plenary action to do so. Of course, if he elects to move under the statute in this manner, plaintiff Louise DeAngelis will be free to establish that she is entitled to a revision of whatever property agreement exists between the parties, including such items as alimony, dower and equitable distribution of property. To the extent that *Horesta v. Horesta,* 118 *N. J. Super.* 71 (Ch. Div. 1971) may appear to hold to the contrary, it is disapproved.

A counsel fee in the amount of $150 plus disbursements of $21.50 is awarded to counsel for plaintiff Louise, for services rendered on this appeal.

Affirmed.